**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of herself and all others*
*similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————X
                                                    :
CATHY PEREZ, on behalf of herself and all     :
others similarly situated,                          :
                                                    :
                    Plaintiff,            :   Civil Action No.
                                                    :
vs.                                                 :   **CLASS ACTION  COMPLAINT**
                                                    :   **AND JURY TRIAL DEMAND**
FEIN, SUCH, KAHN & SHEPARD, P.C.,      :
                                                    :
                    Defendant.            :
                                                    :
—————————————————X


Plaintiff CATHY PEREZ ("Plaintiff") on behalf of herself and all others similarly

situated, by and through her undersigned attorney, alleges against the above-named

Defendant, FEIN, SUCH, KAHN & SHEPARD, P.C., the following:


**INTRODUCTION**

1.        This is an action for actual and statutory damages brought by Plaintiff, an

individual consumer, against Defendant for violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "communication," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 et seq., which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff CATHY PEREZ ("PEREZ" or "Defendant") is a natural person residing in Bergen County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.    Based upon information and belief, Defendant FEIN, SUCH, KAHN & SHEPARD, P.C. ("FEIN SUCH" or "Defendant") is a law firm with offices located at 7 Century Drive, Suite 201, Parsippany, New Jersey.

9.    Defendant is s a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of, which is to attempt to collect debts alleged to be due another.

10.    Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), against whom state court complaints were filed in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class consists of:

• All New Jersey consumers for whom Defendant filed a Complaint in the Superior Court of New Jersey for a medical debt alleging that a spouse was liable for the same and which contained at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. section 1692 *et. seq.*

• The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of the complaint.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for

maintaining a class action:

- • Upon information and belief, the Class is so numerous that joinder of all members is impracticable because Defendant filed hundreds of complaints that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- • There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendant violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§ 1692e, 1692e(2)(A); 1692e(5); 1692e(10) and 1692f;

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

4

d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendant has acted on grounds generally applicable to the entire
  Class, thereby making appropriate final injunctive relief or
  corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to May 25, 2016, Plaintiff's spouse allegedly incurred a financial obligation (the "Debt") to THE VALLEY HOSPITAL ("VALLEY HOSPITAL").

16. Plaintiff was not contractually or otherwise liable on THE VALLEY HOSPITAL Debt.

17. Plaintiff did not sign any documents, or otherwise agree, to contractual liability on the VALLEY HOSPITAL obligation.

18. The VALLEY HOSPITAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19. The VALLEY HOSPITAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5)

20. VALLEY HOSPITAL is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. Sometime prior to May 25, 2016, VALLEY HOSPITAL either directly or through intermediate transactions, assigned, placed or transferred the Debt to Defendant for purposes of collection.

22.    On May 25, 2016, Defendant caused a complaint to be filed on behalf of VALLEY HOSPITAL to recover the Debt from both Plaintiff and her spouse Alejandro Perez.  See, attached **Exhibit A** (the "State Court Complaint").

23.    At the time the VALLEY HOSPITAL obligation was assigned, placed, or transferred to Defendant, such Debt obligation was in default.

24.    The State Court Complaint sought to collect $3,201.40 from Plaintiff, even though Plaintiff never agreed, was contractually obligated for nor otherwise responsible to pay the Debt of her husband.

25.    Upon receipt, Plaintiff read the State Court Complaint.

26.    In response to the State Court Complaint, Plaintiff and her husband filed an Answer with the Court.

27.    Although Plaintiff was not legally liable for the Debt, she and her husband paid Defendant in order to settle the case and have it dismissed.

28.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

29.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

30.    Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

31.    Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

32.    Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

7

33.    Defendant's communication was designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

34.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of Plaintiff's right to enjoy these benefits.

35.    This deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

36.    Plaintiff seeks to end these violations of the FDCPA.  Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

**POLICIES AND PRACTICES COMPLAINED OF**

37.    It is Defendant' policy and practice to file state court complaints against Plaintiff and others similarly situated as shown in **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)    Threatening to take any action that cannot legally be taken;

(c)    Using unfair or unconscionable means to collect or attempt to collect any

debt; and

(d)    Misrepresenting the character and/or legal status of any debt.


38.    On information and belief, Defendant engaged in the practices described

herein by filing complaints in the form annexed hereto as Exhibit A, to at least 30 natural

persons in the State of New Jersey within one year of this Complaint.


## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

39.    Plaintiff, on behalf of herself and others similarly situated, repeats and

realleges all prior allegations as if set forth at length herein.

40.    State court complaints, such as those filed by Defendant, are to be

evaluated by the objective standard of the hypothetical "least sophisticated consumer."

41.    The form, layout and content of Defendant's state court complaint would

cause the least sophisticated consumer to be confused about his or her rights.

42.    Defendant engaged in false, deceptive, or misleading representations or

means in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

43.    Defendant engaged in unfair or unconscionable means to collect or

attempt to collect a debt in violation of 15 U.S.C. § 1692f.

44.    Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with

communication to Plaintiff and others similarly situated.

45.    Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false,

9

deceptive or misleading representation or means in connection with attempts to collect debts from Plaintiff and others similarly situated as described herein.

46.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

47.     Defendant violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character and legal status of the debt as described herein.

50.     Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

51.     Defendant violated 15 U.S.C. § 1692e(5) by threatening to take and/or taking any action against Plaintiff as described herein.

52.     Defendant violated 15 U.S.C. § 1692e(5) by threatening to obtain judgment against Plaintiff.

53.     Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

54.     Defendant's conduct as described herein constitutes false representations or deceptive means to collect or attempt to collect any debt.

55.     Section 1692f et seq. of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.


Dated:   May 25, 2017                         Respectfully submitted,

By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070
    (201) 507-6300
    *Attorney for Plaintiff on behalf of herself*
    *and all others similarly situated*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.


Dated:   May 25, 2017               By: s/ Lawrence C. Hersh

                                        Lawrence C. Hersh, Esq.

11

EXHIBIT A

FEIN, SUCH, KAHN & SHEPARD, P.C.
Filing Attorney: Philip A. Kahn, Attorney ID: 288551973
7 Century Drive, Suite 201
Parsippany, New Jersey 07054
(973) 538-4700
Attorney For Plaintiff(s)

| | | |
|---|---|---|
| THE VALLEY HOSPITAL | | SUPERIOR COURT OF NEW JERSEY |
| | Plaintiff | BERGEN COUNTY |
| vs. | | SPECIAL CIVIL PART |
| ALEJANDRO PEREZ AND CATHLEEN PEREZ | | DOCKET NO:    **DC-007033-16** |
| | Defendant | CIVIL ACTION |
| | | COMPLAINT |

Plaintiff(s), THE VALLEY HOSPITAL, residing at 223 North Van Dien Ave., Ridgewood, NJ, say(s):

FIRST COUNT: There is due Plaintiff from the defendant(s), $3,201.40, for medical services rendered by Plaintiff. Said charges remain unpaid in the amount of $3,201.40.

SECOND COUNT: Plaintiff has demanded payment and billed the defendant. Plaintiff demands interest from July 14, 2014 until judgment at the rate set forth pursuant to Rule 4:42-11.

WHEREFORE, Plaintiff demands judgment, as alleged for $3,201.40, together with lawful interest, attorney's fees and costs of suit.

R. 4:5-1 CERTIFICATION:

Pursuant to the provisions of R. 4:5-1, the undersigned attorney herein certifies that this matter is not subject to any other action pending in any court or arbitration proceeding, nor is any action or arbitration proceeding contemplated, and all known necessary parties have been joined in this action.

R. 1:38-7(b) CERTIFICATION:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

FEIN, SUCH, KAHN & SHEPARD, P.C.

s/Philip A. Kahn, Esq.

